**SO ORDERED.**

**SIGNED this 24th day of January, 2011.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| IN RE<br><br>NORMAN R. WILLIAMS, SR. AND<br>JOAN S. WILLIAMS<br><br>*DEBTORS* | BANKR. CASE NO.<br><br>09-52514<br><br><br>CHAPTER 7 |
| JOHN & BETTY KWASNESKI AND<br>HATSUKO CONNOR<br><br>*PLAINTIFFS*<br><br>V.<br><br>NORMAN R. WILLIAMS, SR. AND<br>JOAN S. WILLIAMS<br><br>*DEFENDANTS* | <br><br><br><br><br>ADV. NO. 10-05077 |

**MEMORANDUM DECISION AND ORDER ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

CAME ON for consideration the foregoing matter. The Plaintiffs in this case (the "Plaintiffs") filed an Adversary Proceeding against the above-captioned debtors (the "Defendants") on June 25, 2010. The Plaintiffs' complaint seeks both a denial of discharge under various sub-

sections of section 727 and a determination as to the dischargeability of a particular debt under section 523(a)(2)(A).  In connection with their 523(a)(2)(A) claim, the Plaintiffs allege, in essence, that the Defendants, as representatives of Williams Building Consultants, LLC ("Williams Building Consultants") (the company with whom the Plaintiffs had contracted to build the Plaintiffs' home), made various fraudulent misrepresentations that both constitute violations of the DTPA and justify a finding of non-dischargeability under section 523(a)(2)(A).

The Defendants filed a motion for summary judgment (the "Motion") on December 6, 2010.  The Motion seeks to have the Plaintiffs' 523(a)(2)(A) claim of non-dischargeability summarily decided in the Defendants' favor.  The thrust of the Defendants' argument is that the representations (or misrepresentations) that form the basis of the Plaintiffs' misrepresentation and fraud allegations were made by the Defendants on behalf of Williams Building Consultants–the corporate entity with whom the Plaintiffs had contracted to build their home.  The Defendants assert that because they did not make the representations at issue in their individual capacity (but rather only as representatives of Williams Building Consultants), they cannot be held individually liable for those representations, and thus should be granted summary judgment on the Plaintiffs' 523(a)(2)(A) claim.

*Discussion*

The Defendants' Motion is based on a false legal premise and therefore should be denied.  In Texas, "a corporation's employee is personally liable for tortious acts which he directs or participates in during his employment."  *Walker v. Anderson*, 232 S.W.3d 899, 918 (Tex. App.—Dallas 2007) (citing *Leyendeck & Assocs., Inc. v. Wchter*, 683 S.W.2d 369, 375 (Tex. 1984)); *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002) (taking note of "Texas' longstanding rule that a corporate agent is personally liable for his own fraudulent or tortious acts"); *Kingston v. Helm*, 82 S.W.3d 755, 758 (Tex. App.–Corpus Christi 2002, pet. denied)).  Furthermore, "a corporate officer

who knowingly participates in tortious or fraudulent acts may be held individually liable to third persons even though he performed the act as an agent of the corporation." *Id*. Thus, "[i]t is not necessary to pierce the corporate veil in order to impose personal liability, as long as it is shown that the corporate officer knowingly participated in the wrongdoing." *Id*. *See also Ennis v. Loiseau*, 164 S.W.3d 698, 707-708 (Tex. App.—Austin 2005) ("A corporate officer may not escape liability where he had direct, personal participation in the wrongdoing, as to be the 'guiding spirit behind the wrongful conduct' or the 'central figure in the challenged corporate activity.' Hence, 'it is the general rule in Texas that corporate agents are individually liable for fraudulent or tortious acts committed while in the service of their corporation.') (internal citations omitted); *Wright v. Sage Eng'g, Inc.*, 137 S.W.3d 238, 250 (Tex. App.—Houston [1st Dist.] 2004) ("It is well-settled that a corporate agent can be held individually liable for fraudulent statements or knowing misrepresentations even when they are made in the capacity of a corporate representative.") (citations omitted).

Additionally, the Texas Supreme Court has found that "when corporate officers make affirmative misrepresentations in connection with the sale of a home, the agents are personally liable under the DTPA even though they were acting on behalf of the corporation. Liability attaches because the officers *themselves* made the misrepresentations." *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002) (citing *Weitzel v. Barnes*, 691 S.W.2d 598 (Tex. 1985)); *Rutherford v. Atwood*, 2003 Tex. App. LEXIS 7761, at *18 (Tex. App. Houston 1st Dist. Aug. 29, 2003) ("Corporate agents and directors can be held individually liable for their own acts that violate the DTPA."). Here, the plaintiffs have alleged that the defendants themselves made the misrepresentations that constitute violations of the DTPA. Thus, they can be held liable for those misrepresentations even though they made them on behalf of the corporation.

The Defendants' argument is based on case law that is inapplicable to the facts of this case. First, they cite to *Leitch v. Hornsby*, 935 S.W.2d 114, 117-18 (Tex. 1996) for the proposition that corporate officers may not be held individually liable for corporate acts. That case held, generally, that it is the corporation, rather than the corporation's agent, that owes a duty to provide a safe workplace to employees. *Id.* The court concluded that a corporate agent could not be held liable for the corporation's failure to provide a safe workplace absent a showing that the corporate agent had breached a "separate, independent duty" (i.e. the duty of reasonable care owed to the general public) owed by the corporate agent to the injured employee. *Id.* In *Kingston v. Helm*, the Texas Court of Appeals distinguished this case from those cases involving misrepresentations made by corporate agents on the corporation's behalf:

> The analysis in *Leitch* requiring a 'separate, independent duty' in order to impose personal liability on a corporate officer or agent is most appropriate for determining when a corporate officer or agent may be held personally liable to a subordinate in an employment context. Causes of action rooted in negligent conduct are not directly analogous to causes of action rooted in fraud and misrepresentation. We do not believe that *Leitch* should be construed to shield a corporate agent from liability to a third party in cases involving misrepresentation, fraud and DTPA violations under the theory that 'the agent had no greater duty to refrain from defrauding and making misrepresentations to the consumer than did the corporation.'

82 S.W.3d 755, 762 (Tex. App.--Corpus Christi 2002, pet. denied). Thus, the Defendants' reliance on *Leitch* is misplaced.

Second, the Defendants cite to *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 432 (Tex. 1997) in support of their position. That case held that a corporate officer may not be held

personally liable for causing a corporation to breach a contract with another party. While that proposition is true, here, the Plaintiffs are not claiming breach of contract. In *Kingston*, the Texas Appellate Court again distinguished *ACS* from situations where a party seeks to hold a corporate officer personally liable for misrepresentation/fraud:

> Because this case does not involve causes of action seeking to hold a corporate officer or agent personally liable for causing the corporation to breach a contract with a third party, we do not believe *ACS v. McGlaughlin* is particularly instructive in resolving the issue of whether Helm may be held personally liable for his own torts.

82 S.W.3d at 763. Thus, *ACS*, too, provides no support for the Defendants' position.

Additionally, the conclusion that it is appropriate to distinguish between contract suits and fraud suits (for purposes of finding a corporate officer personally liable) is supported by the Texas Business Organizations Code. Section 101.114 of the Texas Business Organizations Code states, "[e]xcept as and to the extent the company agreement specifically provides otherwise, a member or manager is not liable for a debt, obligation, or liability of a limited liability company, including a debt, obligation, or liability under a judgment, decree, or order of a court." Tex. Bus. Org. Code § 101.114. Accordingly, a corporate agent (or LLC member) may only be held liable for the corporation's breach of contract under traditional veil piercing laws. Texas courts have applied the statutory veil piercing laws applicable to corporations to limited liability companies. *See McCarthy v. Wani Venture*, 251 S.W.3d 573, 590-91 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (noting that the Texas Limited Liability Company Act "does not address whether and under what circumstances a litigant may 'pierce' the corporate veil of an LLC in order to hold a member liable for a debt of the LCC, and concluding that state law doctrines of piercing the veil of corporations applies to LLCs as well). Under Texas law, the corporate veil may be pierced where "(1) the

corporation is the alter ego of its owners and/or shareholders; (2) the corporation is used for illegal purposes; and (3) the corporation is used as a sham to perpetrate a fraud." *Rimade Ltd. v. Hubbard Enters.*, 388 F.3d 138, 143 (5th Cir. 2004). However, section 21.223 the Texas Business Organizations Code provides an additional requirement when a litigant seeks to pierce the corporate veil for breach of contract: Section 21.223(b) provides that in a breach of contract case, "the veil may be pierced where the defendant shareholder 'caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the holder.'" *Id*. (quoting Tex. Bus. Corp. Act art. 2.21(A)(2), now codified at Tex. Bus. Org. Code § 21.223). Thus, in a breach of contract case, the veil may be pierced under the traditional theories listed above, but "these doctrines must be supported by facts showing 'actual fraud.'" *JNS Aviation, Inc. v. Nick Corp.*, 418 B.R. 898, 907 (N.D. Tex. 2009) (quoting *Farr v. Sun Word Savings Association*, 810 S.W.2d 294, 296 (Tex. App.—El Paso 1991, no writ)). The above-discussed sections of the Texas Business Organizations Code support the conclusion that, in cases of misrepresentation or fraud (as opposed to simple breach of contract), a corporate agent may be held personally liable for his own misrepresentations.

For all of the reasons discussed above, the Defendants' motion for summary judgment must be denied. It relies on a faulty legal premise and thus cannot support entry of an order in the Defendants' favor.

**ORDERED,** that the Defendants' Motion for Summary Judgment is hereby denied.

# # #